# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-660V

|  |  |
|---|---|
| GAIL MITCHELL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: July 16, 2025 |

*Elizabeth Hess*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Emily Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 25, 2024, Gail Mitchell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccination administered to her on October 29, 2022. Petition, ECF No. 1. On March 26, 2025, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,532.02 (representing $46,575.90 in fees plus $1,956.12 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 28, 2025, ECF No. 31. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 31.

Respondent reacted to the motion on April 3, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 32. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested by attorney Elizabeth Hess and her supporting paralegals for work performed through 2025 are consistent with prior determinations and shall be awarded. However, attorney Joseph Shannon was previously awarded the lesser rate of $500.00 for his time billed in year 2023. See *Wood* v. *Sec'y of Health & Human Servs*., No. 24-0130V, Slip. Op 39 (Fed. Cl. Spec. Mstr. June 25, 2025). I find no reason to deviate from said decision and hereby reduce attorney Shannon's rate to be consistent with *Wood.* **Application of the foregoing reduces the amount of fees to be awarded by $25.00.** [3]

Additionally, the billing records reveal several hours claimed on tasks considered administrative in nature.[4] But billing at *any professional rate* for clerical and other administrative work is not permitted in the Vaccine Program. See *Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Attorneys may not separately charge for clerical or secretarial work because such work is reflective of office overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing

---

[3] This amount reflects attorney Joseph Shannon's rate reduction as is calculated as follows: ($550.00 - $500.00 = $50.00 x 0.50 hours billed in 2023) = $25.00.

[4] The billing entries considered administrative in nature are dated as follows: 8/15/23; 4/25/24 (two entries); 4/29/24; 5/29/24: "Access online court filing portal and file Petitioner's First Motion for Extension of Time." 6/3/24 (five entries re: organizing documents to be filed and reviewing docket entries confirming filing of pleadings); 8/5/24 (two entries); 8/30/24 (two entries); 11/18/24; 12/13/24; 1/15/25; 1/16/25 (two entries); 2/21/25; 2/24/25 (two entries); 2/26/25; 3/3/25 (two entries); 3/5/25 (three entries); 3/26/25 (two entries); 3/27/25 (three entries); 3/28/25 (two entries). These billing entries reflect a cumulative total of $1,390.40 in fees claimed for tasks that are non-compensable. ECF No. 31-2.

exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Kerridge* v. *Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $1,390.40.**

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 31-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $47,116.62 (representing $45,160.50 in fees plus $1,956.12 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.